IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

                                            CR 16-1613-JB

    vs.

ANGEL DELEON, et. al.

        Defendants.


**DEFENDANT DANIEL SANCHEZ'S MOTION IN LIMINE TO PRECLUDE THE ADMISSION OF RONALD SANCHEZ'S UN-CONFRONTED, OUT OF COURT STATEMENTS.**

Defendant Daniel Sanchez hereby moves to preclude the admission of Ronald Sanchez's un-confronted, out of court statements.

Defendants Anthony Ray Baca, Sergio Rodriguez, Manuel Benito, Vincent Garduno, Mandel Parker, Daniel Archuleta, Anthony Cordova, and Arturo Garcia join in this motion.

The government opposes this motion.

I.   INTRODUCTION

Daniel Sanchez is one of ten defendants charged in the superseding indictment (Doc. 372) alleging violations of 18 U.S.C. § 1962(d) (racketeering conspiracy); 18 U.S.C. § 1959(a)(1) (violent crimes in aid of racketeering - including murder), 18 U.S.C. § 2 (aiding and abetting), and 18 U.S.C. §§ 924(c) and 924(j)(1) (causing death through use of possession of a firearm). The indictment alleges that Mr. Sanchez committed twenty-eight (28) Overt Acts, including murder and conspiracy to commit murder, in furtherance of the activities as part of an ongoing

criminal organization known as the Syndicato de Nuevo Mexico (hereinafter, "SNM").  If Mr.

Sanchez is convicted of the charges, he faces a mandatory term of life imprisonment.

On November 16, 2017, at the urging of government informant Mario Rodriguez, Ronald

Sanchez, Daniel Sanchez's brother, agreed to meet with Mario Rodriguez, FBI Special Agents

Brian Acee and Nancy Stemo, Task Force Officer Mark Myers, and STIU Captain Sergio Sapien

at the Penitentiary of New Mexico ("PNM").

At the time of the Molina homicide, the subject of Overt Acts 187 and 189, Ronald Sanchez

was housed at Southern New Mexico Correctional Facility ("SNMCF") Unit 1A-B Pod with his

brother Daniel and the homicide victim, Javier Molina.  Ronald Sanchez was a percipient

witness to the Molina homicide and the activities in the pod both before and after the homicide.

And, because he has been serving a life sentence along with his brother, Daniel Sanchez, in the

New Mexico Corrections Department ("NMCD") since 1993, Ronald Sanchez has personal

knowledge of prison gangs, prison gang activity in the NMCD, and his brother, Daniel's,

interaction with SNM members and associates.

During the November 2017 meeting, the law enforcement agents and Mario Rodriguez

discussed topics related to the pending prosecution with Ronald Sanchez, including: the SNM in

general, the Molina homicide, the criminal cases pending against his brother, Daniel, possible

plea bargains for Daniel and how Daniel could help Ronald obtain parole in his state case, the

legal situation of other co-defendants, and the future of the SNM. During the discussion, Ronald

Sanchez acknowledged the existence of the SNM and his brother's participation in SNM

activities.  He also said that he thought that he might be able to talk his brother into taking a plea

2

and walking away from the SNM, a statement that certainly suggests Daniel Sanchez is legally culpable for the offenses charged.

## II.  ARGUMENT

### A.  Statements of Ronald Sanchez to Law Enforcement are Testimonial and Their Admission at a Joint Trial Violates the Sixth Amendment.

In *Crawford v. Washington*, 541 U.S. 36 (2004), the United States Supreme Court held that testimonial statements by declarants who are not subject to cross-examination at trial are inadmissible pursuant to the Sixth Amendment unless they are unavailable and have previously been subjected to cross-examination.  While the *Crawford* Court did not expressly discuss which categories of statements qualify as testimonial or nontestimonial, subsequent Supreme Court decisions have further clarified the distinction.

In *Davis v. Washington*, 547 U.S. 813 (2006), the Supreme Court held that statements are testimonial when the circumstances objectively indicate that there is no ongoing emergency and the primary purpose of the interrogation is to establish or prove past facts potentially relevant to a later criminal prosecution and statements are nontestimonial when they are made in the course of a police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency.

In *Michigan v. Bryant*, 562 U.S. 344 (2011) the Supreme Court further refined the *Davis* primary purpose analysis. According to *Bryant*, when determining the primary purpose of an interrogation, a trial court must objectively evaluate the circumstances of the encounter, and the statements and actions of both the declarant and the interrogator.  *Bryant*, 562 U.S. at 1160.  The

existence of an ongoing emergency "is among the most important circumstances informing the 'primary purpose' of the interrogation." Id. at 1162.

It is under the *Davis*/*Bryant's* rubric, that the statements of Ronald Sanchez should be considered.

Ronald Sanchez's November 2017 statements to FBI Agents Acee and Stemo, and other members of law enforcement, investigating the SNM are clearly testimonial pursuant to *Crawford*, *Davis* and *Bryant*.   The conversation occurred after the initial indictment in this case and years after the Molina homicide. There was no emergency.  Government informant Mario Rodriguez induced Ronald Sanchez to meet with case agents by discussing the benefits of his cooperation agreement, including his expectation of a significantly reduced sentence.  Ronald Sanchez was questioned specifically for the purpose of gathering evidence for the indicted cases and for his potential to persuade his brother to become a government cooperator.

Ronald Sanchez is not unavailable as a witness.  Nor has he previously been subject to cross-examination.  Absent the opportunity to confront and cross-examine Ronald Sanchez during trial, the Sixth Amendment's confrontation clause should preclude any attempt by the government to introduce any statements from law enforcement's November 2017 interview with Ronald Sanchez, either through the testimony of cooperator Mario Rodriguez or any member of law enforcement.

### B.  Ronald Sanchez's Statements to Agents Acee and Stemo and Other Members of Law Enforcement are Inadmissible Hearsay.

Even assuming, in light of the above analysis to the contrary, that Ronald Sanchez's statements to government agents are nontestimonial,  in order to be admissible against a properly

lodged hearsay objection, the statements must be either non-hearsay or meet the criteria for an exception to the rule against hearsay.  Ronald Sanchez's statements during the November 2017 interview with case agents are hearsay and do not qualify under any exception to the hearsay rule.  The government should be precluded from offering any of his out of court statements at trial.

## III. CONCLUSION

Mr. Sanchez respectfully requests that this Court preclude the government from introducing the out-of-court statements of Ronald Sanchez.  The statements are testimonial hearsay and their admission would violate both the Federal Rules of Evidence and Mr. Sanchez's Sixth Amendment right to confront and cross-examine the witnesses against him.

Dated this 14th day of May, 2018                    Respectfully submitted

/s/ *Amy E. Jacks*
Amy E. Jacks
Attorney for Defendant
DANIEL SANCHEZ

/s/ *Lauren Noriega*
Lauren Noriega
Attorney for Defendant
DANIEL SANCHEZ

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14th day of May, 2018, I filed the foregoing pleading electronically, through the CM/ECF system, which caused counsel for Plaintiff and Defendants to be served by electronic means, as more fully reflected in the Electronic Notice of Filing.

/s/ *Amy E. Jacks*
Amy E. Jacks