IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,                                               CR 16-1613-JB

vs.

ANTHONY BACA, et. al.

      Defendants.

**DEFENDANT DANIEL SANCHEZ'S MOTION IN LIMINE TO PROHIBIT GOVERNMENT FROM MAKING STATEMENTS OR ARGUMENTS THAT IMPROPERLY SUGGEST THAT PROPENSITY CHARACTER INFERENCES CAN OR SHOULD BE MADE FROM EXTRINSIC ACT EVIDENCE.**

    The defendants jointly move for an order to prohibit the government from making statements or arguments that improperly suggest that propensity character inferences can or should be made from extrinsic act evidence. As grounds therefore, it is stated as follows:

    1. Federal Rule of Evidence 404(b) ("Rule 404(b)") provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." The Advisory Committee Notes to Rule 404 recognize that the "circumstantial use of character evidence is generally discouraged because it carries serious risks of prejudice, confusion and delay." *See Michelson v. United States*, 335 U.S. 469, 476 (1948).

2. By it's plain language, the prohibition of character evidence is not limited to "a defendant's" character. *Huddleston v. United States*, 485 U.S. 681, 685-686 (1988) ("The actor in the instant case was a criminal defendant, and the act in question was "similar" to the one with which he was charged. Our use of these terms is not meant to suggest that our analysis is limited to such circumstances."). "By its plain terms, Rule 404(b) mandates that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a *person* in order to show action in conformity therewith," instead of restricting itself to evidence proving "the character of the accused." *United States v. Lucas*, 357 F.3d 599, 605 (6th Cir. 2004) (emphasis in original).

3. The Advisory Committee Notes following Rule 401 explain that rules such as Rule 404 and those that follow it are meant to prohibit certain types of evidence that are otherwise clearly "relevant evidence," but that nevertheless create more prejudice and confusion than is justified by their probative value. "In other words. . . prior bad acts are generally not considered proof of any person's likelihood to commit bad acts in the future and. . .such evidence should demonstrate something more than propensity." *United States v. Lucas*, *supra*, 357 F.3d at 606 (holding that defendant could not present certified copies of criminal conviction documents of third party suspect to raise reasonable doubt regarding defendant's guilt).

4. Even if the Court permits the government to prove the racketeering activity elements of Counts 1 and 2 with evidence of other crimes or bad acts, the government should not be permitted to use the evidence of other crimes or bad acts to encourage the fact-finders to make improper and prejudicial propensity character inferences with that evidence in evaluating the truth of the charges in Counts 1-3. If the evidence is admitted at a joint trial to prove that SNM

is engaged in racketeering activity, then the use of that evidence should be strictly limited to that narrow purpose and none other.

     5. Based on the foregoing, the government should be prohibited from making statements or arguments that suggest that propensity character inferences can or should be made from the evidence it presents in its attempt to prove the elements of Counts 1-3. If the Court does not preclude the government from making improper and prejudicial statements or arguments that involve such propensity character inferences, then any guilty verdict will necessarily be corrupted with factual conclusions based on character inferences that affront the United States' longstanding and time-tested notion of due process.

     6. The government opposes this motion in limine.

Dated this 14th day of May, 2018        Respectfully submitted,

/s/ *Amy E. Jacks*  
Amy E. Jacks  
Attorney for Defendant  
DANIEL SANCHEZ

/s/ *Lauren Noriega*  
Lauren Noriega  
Attorney for Defendant  
DANIEL SANCHEZ

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 14th day of May, 2018, I filed the foregoing pleading electronically, through the CM/ECF system, which caused counsel for Plaintiff and Defendants to be served by electronic means, as more fully reflected in the Electronic Notice of Filing.

/s/ *Amy E. Jacks*  
Amy E. Jacks